UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED E. SHALLOWHORN, CDCR #P-13049,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>J. CARRILLO, F. NUNEZ, J. GALINDO, SGT. ESTRADA, JOHN DOE #1, JOHN DOE #2, G. HOPPER, H. MOSELEY, F. GUZMAN, R. VELEZ,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:24-cv-0399-WQH-DTF<br><br>**ORDER:**<br><br>**(1) *SUA SPONTE* GRANTING EXTENSION OF TIME TO FILE MOTION TO PROCEED IN FORMA PAUPERIS AND**<br><br>**(2) DENYING MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE AS MOOT** |

**INTRODUCTION**

On February 26, 2024, Plaintiff Alfred E. Shallowhorn ("Plaintiff"), then-incarcerated at Centinela State Prison ("CEN") and proceeding pro se, filed a civil action pursuant to 42 U.S.C. § 1983. (*See* ECF No. 1.) On March 11, 2024, the Court dismissed the case because Plaintiff had failed to pay the filing fee or move to proceed in forma pauperis ("IFP"). (ECF No. 3.) The Court gave Plaintiff 45 days (or until April 29, 2024) to have his case reopened by either paying the filing fee or submitting an IFP motion. *Id.*

1

On March 13, 2024, prison officials at CEN electronically submitted a copy of Plaintiff's prison certificate and trust account statement. (*See* ECF No. 4.) And on March 28, 2024, Plaintiff filed a Notice of Change of Address, indicating he had been transferred from CEN to California State Prison, Lancaster (*see* ECF No. 5), and a Motion for Appointment of Counsel pursuant to 28 U.S.C. § 1915 (ECF No. 6). Plaintiff, however, has not submitted an IFP application or the civil filing fee.

## FAILURE TO PAY FILING FEE OR MOVE TO PROCEED IFP

Because Plaintiff has not filed an IFP motion or paid the requisite filing fee, his case remains dismissed. As discussed in this Court's March 11, 2024, Order, all parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007) ("*Cervantes*"). A prisoner who is granted leave to proceed IFP, however, remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 84 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires all persons seeking to proceed without full prepayment of fees to submit an *affidavit* that includes a statement of all assets possessed and which demonstrates an inability to pay. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (emphasis added). In support of this affidavit, prisoners like Plaintiff must also submit a "certified copy of the trust fund account statement (or institutional equivalent) for

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a); Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023). The additional $55 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). It is from the certified trust account statement that the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless he has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. at 85–86.

Plaintiff did not pay the filing fee required to commence a civil action when he filed his Complaint, nor has he filed a Motion to Proceed IFP, which includes *both* the affidavit required by 28 U.S.C. § 1915(a)(1) *and* the certified copies of his trust funds account statements required by 28 U.S.C. § 1915(a)(2). While CEN has submitted a prison certificate and printouts of Plaintiff's trust account activity on his behalf, *see* ECF No. 4, this accounting, unless accompanied by a motion and affidavit submitted by Plaintiff, is insufficient. "The *in forma pauperis* statute authorizes courts to allow '[1] the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person who [2] makes affidavit that he is [3] unable to pay such costs or give security therefor.'" *Rowland v. Calif. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 214 (1993) (quoting 28 U.S.C. § 1915(a)). "Section 1915(a) thus contemplates that the []person[] who is entitled to the benefits of the provision will have three characteristics: He will have the capacity to sue or be sued, to make an affidavit, and to be unable to pay court costs." *Id.* "When a claim of poverty is made under section 1915 'it is proper and indeed essential for the supporting affidavits to state the facts as to affiant's poverty with some particularity, definiteness and certainty.'" *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)).

Therefore, unless Plaintiff either pays the filing fee "upfront," *Bruce*, 577 U.S. at 86, or files a properly supported Motion to Proceed IFP that includes an affidavit which meets the requirements set out in 28 U.S.C. § 1915(a)(1), his case remains closed. *See* 28 U.S.C. § 1914(a); *Cervantes*, 493 F.3d at 1051. Because Plaintiff was transferred shortly after the Court issued its March 11, 2024, Order, the Court, in the interest of justice, *sua sponte* GRANTS Plaintiff an additional 30 days to re-open his case by either filing a Motion to Proceed IFP which includes the required affidavit or paying the civil filing fee.

## MOTION FOR APPOINTMENT OF COUNSEL

In addition, Plaintiff has filed a Motion to Appoint Counsel pursuant to 28 U.S.C. § 1915(e)(1). (ECF No. 5 at 1.) However, because the case remains closed, the motion is DENIED without prejudice as moot. Moreover, because a motion to appoint counsel pursuant to § 1915(e)(1) necessarily depends upon Plaintiff's ability to proceed IFP, the Court may not appoint counsel until Plaintiff has been determined eligible to proceed pursuant to the IFP statute due to indigence. *See* 28 U.S.C. § 1915(e)(1); *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (stating the decision to appoint counsel is within "the sound discretion of the trial court[,] and is granted only in exceptional circumstances").

## CONCLUSION AND ORDER

Accordingly, the Court:

(1) **NOTIFIES** Plaintiff that his case remains dismissed.

(2) **GRANTS** Plaintiff an extension of time to re-open his case. Plaintiff is granted **thirty (30) days** from the date of his Order properly move to proceed IFP pursuant to 28 U.S.C. § 1915(a) or pay the $405 civil filing and administrative fee required by 28 U.S.C. § 1914(a).

(3) **DENIES** Plaintiff's Motion for Appointment of Counsel (ECF No. 5) as moot.

(4) **DIRECTS** the Clerk of the Court to provide Plaintiff with a Court-approved form "Motion and Declaration in Support of Motion to Proceed IFP" for his use and

convenience. Should Plaintiff neither pay the $405 filing fee in full nor sufficiently complete and file the attached Motion and Declaration to Proceed IFP within 30 days, this civil action will remain dismissed without prejudice pursuant to 28 U.S.C. § 1914(a), and without further Order of the Court.

**IT IS SO ORDERED**.

Dated: May 28, 2024

Hon. William Q. Hayes
United States District Court