UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ALFRED E. SHALLOWHORN, CDCR #P-13049,

Plaintiff,

v.

J. CARRILLO, F. NUNEZ, J. GALINDO, SGT. ESTRADA, JOHN DOE #1, JOHN DOE #2, G. HOPPER, H. MOSELEY, R. VELEZ,

Defendants.

Case No.: 3:24-cv-0399-WQH-LR

**ORDER**

HAYES, Judge:

On February 26, 2026, Plaintiff Alfred E. Shallowhorn ("Plaintiff"), a prisoner proceeding *pro se*, initiated this action by filing a Complaint asserting claims under 42 U.S.C. § 1983. (ECF No. 1.)

On March 11, 2024, the Court dismissed the Complaint based on Plaintiff's failure to pay the $405 civil filing and administrative fee required by 28 U.S.C. § 1914(a) and his failure to properly move to proceed IFP pursuant to 28 U.S.C. § 1915(a). (ECF No. 3.)

On June 12, 2024, Plaintiff filed a Motion for Leave to Proceed in Forma Pauperis ("IFP") (ECF No. 9.)

On October 3, 2024, the Court granted Plaintiff's Motion to Proceed IFP and dismissed the Complaint in its entirety for failure to state a claim pursuant to 28 U.S.C. §§1915(e)(2) and 1915A(b). (ECF No. 13.) The Court granted Plaintiff forty-five days to file a First Amended Complaint ("FAC"). *Id.* at 19–20.

On November 25, 2024, Plaintiff filed a First Amended Complaint. (ECF No. 15.)

On May 27, 2025, the Court dismissed Plaintiff's First Amended Complaint in its entirety for failure to comply with Federal Rule of Civil Procedure 8 and for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). (ECF No. 17.) The Court granted Plaintiff sixty days to file a Second Amended Complaint ("SAC"). *Id.* at 16–17. The Court cautioned that, if Plaintiff did not file a SAC, it would dismiss this action. *Id.* Plaintiff did not file a SAC within sixty days.

On September 3, 2025, the Court issued an Order dismissing this action in its entirety based on Plaintiff's failure to state a claim and his failure to prosecute this action. (ECF No. 18.) The Court directed the Clerk of Court to enter a final judgment of dismissal and close this case. *Id.* The Clerk of Court did so on the same day. (ECF No. 19.)

On October 20, 2025, Plaintiff filed a Motion for Relief from Judgment requesting that the Court grant additional time to file a SAC. (ECF No. 20.) On November 12, 2025, the Court granted Plaintiff's Motion for Relief, vacated its earlier entry of judgment, and ordered that Plaintiff file a SAC within sixty days. (ECF No. 21.) The Court cautioned that, if Plaintiff did not file a SAC, it would again dismiss this action. *Id.* at 3. Plaintiff did not file a SAC within sixty days.

On July 27, 2026, the Court issued an Order dismissing this action in its entirety based on Plaintiff's failure to state a claim and his failure to prosecute this action. (ECF No. 22.) The Court directed the Clerk of Court to re-enter final judgment of dismissal and close this case. *Id.* at 3. The Clerk of Court did so on the next day. (ECF No. 23.)

On August 18, 2026, Plaintiff filed a Motion for Reconsideration requesting that the Court grant an extension of time to file his SAC. (ECF No. 26.) Plaintiff also filed a Letter to the same effect, (ECF No. 25), and a Notice of Appeal to the Ninth Circuit, which states that, "[i]f the [C]ourt denies my petition for reconsideration, I hereby give notice of appeal to the [Ninth Circuit]." (ECF No. 24 at 3.)

In support of his Motion for Reconsideration, Plaintiff files a Proposed SAC. (ECF No. 26-1.)

IT IS HEREBY ORDERED that Plaintiff's Motion for Relief (ECF No. 26) is granted. The Court vacates its Order dismissing this case. (ECF No. 22.)

IT IS FURTHER ORDERED that the Clerk of Court shall docket the Proposed SAC (ECF No. 26-2) as the SAC.

Dated: August 31, 2026

William Q. Hayes
Hon. William Q. Hayes
United States District Court